UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 18 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Marshall Reedom, Jr., :
:
: Plaintiff,
:
v. : Civil Action No. 12 2028
:
Secretary of Agriculture Tom Vilsack, :
:
Defendant. :

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, __ U.S. __, 129 S. Ct. 1918 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998.

In the instant action, plaintiff, a resident of Fort Worth, Texas, appears to assert the rights of other individuals and "African American Nonprofits" which had applied for and wrongfully had

1

been denied loans and grants purportedly available through programs of the United States Department of Agriculture. Compl. at 1. He further alleges that defendant failed to investigate claims of discrimination brought since 1983. *Id.* at 1-2. The allegations in the instant complaint are remarkably similar to those alleged in a consolidated action brought in 2002 by James Reedom, Jr., and other individuals in Fort Worth, Texas, where the Court found on a factually developed record that the individuals were not the real parties in interest because "[t]he Rural Business Enterprise Grants for which plaintiffs applied were only available to non-profit corporations and other legal entities, not to individuals." *Reedom v. Veneman*, Civ. Action Nos. 02-1031, 02-0415 (JDB) (D.D.C. Nov. 14, 2002), Mem. Op. at 1 [Dkt. # 12]; *see also Franklin v. Vilsack*, Misc. Action No. 11-0206 (D.D.C. Apr. 15, 2011) (denying *in forma pauperis* status to plaintiff bringing similar complaint "[p]resumably . . . in his capacity as an officer of a non-profit development corporation," which, as an artificial entity, cannot proceed *in forma pauperis*). Plaintiff has no standing to assert claims on behalf of any organization or any other individual. Therefore, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

                                                              /s/
                                                            United States District Judge

DATE: 12/13/12